COMMITTEE TO PRESERVE AMERICAN COLOR TELEVISION (A.K.A. COMPACT) ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 81-3-00258

Before MALETZ, *Judge.*

(Dated March 10, 1982)

MALETZ, *Judge:* Plaintiffs move, pursuant to rule 37, to compel testimony in deposition upon oral examination from Lynn Barden, Assistant General Counsel for Import Administration, United States Department of Commerce,[1] regarding matters transpiring after the April 28, 1980, settlement agreements but which plaintiffs maintain relate to defendant's interpretation and implementation of the agreements.

---

[1] Mr. Barden had been employed in the Office of the General Counsel, United States Department of the Treasury prior to January 1, 1980 and in both capacities was involved in the administration of T.D. 71-76.

During the deposition of Mr. Barden on January 20, 1982, plaintiffs questioned Mr. Barden regarding a memorandum, dated August 14, 1980, directed to him from Leonard Shambon, Director of the Office of Compliance, Department of Commerce. The memorandum contained the statement "we do not intend to use the Commodity Tax Base henceforth." Plaintiffs asked Mr. Barden "When was a decision made not to use the commodity tax base henceforth?" Defendant objected to the question and directed Mr. Barden not to answer.

Plaintiffs argue that the question was asked of Mr. Barden to determine the meaning of the term "traditional methodology" in paragraph 6(h) of the settlement agreements. That paragraph, more specifically, provides "[t]hat the United States shall utilize the traditional methodology in calculating foreign market values * * *" with respect to the appraisement and liquidation under T.D. 71–76 of entries of television receivers from Japan subsequent to March 31, 1979.

Defendant contends that the information sought by plaintiffs is not relevant or necessary for the purposes of this litigation and that such information relates solely to Department of Commerce proceedings under section 751 of the Tariff Act of 1930, as amended (19 U.S.C. § 1675) which were conducted subsequent to the April 28, 1980, settlement agreements and involved entries not covered by the agreements. Defendant claims that plaintiffs through this line of inquiry seek discovery for use in *Zenith Radio Corporation* v. *United States*, Consolidated Court No. 81–6–00734, where, in an action challenging the Department of Commerce's section 751 determination, defendant's motion for a protective order to prevent plaintiffs from conducting discovery is now pending before Judge Landis.

Against this background, the court fails to see how the information sought from Mr. Barden would bear upon the meaning of the term "traditional methodology" in paragraph 6(h) of the settlement agreements. Indeed, the meaning of that term does not even appear to be an issue. Added to that, in the course of both Mr. Barden's deposition on January 20, 1982 (pp. 123, 124) and Mr. Moyer's deposition on February 4, 1982 (p. 500), counsel for both *Compact* and *Zenith* made it plain that there is a distinction between the "traditional methodology" method of calculating foreign market value and the "commodity tax" method. In light of this distinction, plaintiffs' question to Mr. Barden with respect to when a decision was made not to use the commodity tax base henceforth would hardly seem to shed light on the meaning of the term "traditional methodology" or of any other term in the settlement agreements.

Beyond this, plaintiffs argue that a further statement in the Shambon memorandum of August 14, 1980, coupled with two letters to the

Department of Commerce from attorneys for importers, demonstrate that deposition discovery is required of Mr. Barden to determine whether an intent existed on the part of the government to violate this court's injunction. The court has examined each of the three documents in question and concludes that plaintiffs' contention is without merit.

For the foregoing reasons, plaintiffs' motion to compel the testimony in issue is hereby denied.